UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**JAMES T. WARD**,

Debtor.

Case No. **12-60662-13**

## MEMORANDUM OF DECISION

At Butte in said District this 28th day of June, 2012.

Pending in this Chapter 13 case is the Motion to Modify Stay (the "Motion") (Docket No. 7) filed by Honda Lease Trust ("Honda") seeking relief from the stay to recover, seek foreclosure and liquidation of a 2008 Honda Fit, VIN JHMGD37698S021619, which was leased to the Debtor under the terms of a lease which expired before the date the Debtor filed his Chapter 13 petition.  Debtor filed an objection on the grounds he intends to exercise his option to purchase the vehicle under the lease through his Chapter 13 Plan.  A hearing on Honda's Motion was held at Missoula on June 12, 2012.  Debtor James T. Ward ("Ward" or "Debtor") appeared and testified, represented by attorney Edward A. Murphy of Missoula.  Honda was represented by attorney Jon R. Binney of Missoula.  Exhibits ("Ex.") 2, A, B, and C were admitted into evidence by stipulation of counsel.  At the conclusion of the parties' cases-in-chief the Court took the matter under advisement.  For the reasons set forth below the Debtor's objection is overruled and Honda's Motion to Modify Stay will be granted by separate Order.

This Court has exclusive jurisdiction of this bankruptcy case under 28 U.S.C. § 1334(a).  Honda's Motion to Modify Stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).  This

1

Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

## FACTS & PROCEDURAL HISTORY

The Debtor James Ward entered into a "Closed End Vehicle Lease Agreement" of the 2008 Honda Fit with University Motors of Missoula. Ex. 2 is the lease agreement, dated February 20, 2008. Ex. 2 requires monthly lease payments in the amount of $262.87 for 48 months, and includes a "Purchase Option at End of Lease Term" which provides: "I have an option to purchase the Vehicle AS-IS, WHERE-IS at the end of the Lease term for $7,155.85, plus any required taxes and fees. Page 2 of Ex. 2 further states: "PURCHASE OPTION PRIOR TO THE END OF LEASE TERM" which repeats that the lessee has the option to purchase the Vehicle prior to the end of the lease term.

Honda sent Ward Ex. C, a letter dated March 2, 2012, reminding him that his lease was scheduled to mature on April 16, 2012, and requesting him to choose between his end-of-term options to return the Honda Fit, purchase, or refinance the vehicle. Ward testified that he attempted to exercise his purchase option in March of 2012, but was unsuccessful.

Ex. B is a Honda pamphlet explaining how a lessee may purchase a leased vehicle. Ex. B provides contact information to obtain a payoff quote (Step One), then a "Step Two – Provide Payment and Required Documentation" which explains: "Once you've received a payoff quote, please mail us the full payoff amount to receive the vehicle title." Ward testified that he followed Step One on March 5, 2012, and called Honda to obtain a payoff quote. He did not, however, mail Honda the full payoff amount as required under Step 2 of Ex. B.

Instead, Ward testified that he made 4 trips to University Motors in Missoula in March of 2012 attempting to obtain financing, and he filled out an application. He testified that he dealt

2

with a Honda employee, who is no longer with the company, and who told him on his third visit that Honda agreed to provide financing. However, he testified that on his fourth visit Honda said no.

Ex. A is a letter from JPMorgan Chase Bank, N.A. ("JPMorgan Chase Bank"), to Ward dated March 30, 2012, informing Ward that it was unable to grant Ward's request for credit. Ward testified that Honda backed out from its agreement to refinance him because of his credit report.

Ward testified that the lease expired on April 16, 2012. He filed his Chapter 13 bankruptcy petition on April 26, 2012. Ward testified that he wants to purchase the Honda Fit through his Plan. Debtor's Chapter 13 Plan (Dkt. 13) treats Honda as a creditor with an impaired secured claim allowed in the amount of $7,500. Debtor's Schedule G lists no unexpired leases or executory contracts. Schedule D lists Honda as a creditor with a secured creditor with a claim in the amount of $7,500 secured by collateral valued at $7,000. Schedule B lists the Honda Fit at paragraph 25 among Debtor's personal property[1].

Honda filed its Motion to Modify Stay on May 8, 2012, based on 11 U.S.C. § 362(d)(1) & (d)(2). The Motion contradicts itself. Paragraph 2 states that Honda is the holder of a secured claim, but that is based on a lessor's interest in the Honda Fit at paragraph 2(c)[2]. Paragraph 2(e) states that the Honda Fit is in possession of the Debtor, but paragraph 2(j) states: "Creditor is in

---

[1] After the hearing, on June 13, 2012, Honda filed Proof of Claim No. 4 asserting a secured claim in the amount of $7,156.08, based on the lease payoff. The Court does not consider Honda's Proof of Claim as evidence in this contested matter.

[2] The certificate of title for the Honda Fit filed with Honda's Motion names the owners of as Honda Lease Trust and lessor and James T. Ward as lessee. However, the parties did not offer the certificate of title for admission into evidence at the hearing.

possession of the Collateral and is storing Collateral pending an Order from this Court."

Debtor's objection states that the Debtor has the option to purchase the vehicle at any time, and he is exercising his option to purchase by paying Honda through the Plan. The objection concludes: "There is no provision in the lease requiring the debtor to pay a lump sum." That contention is not consistent with lease, Ex. A, which states "Purchase Option at End of Lease Term" that the lessee has the option to purchase the vehicle "at the end of the Lease Term for $7,155.85." Honda's brochure, Ex. B, further explains at Step Two, "please mail us the full payoff amount to receive the vehicle title."

## DISCUSSION

Honda bases its Motion to Modify Stay on § 362(d)(1) and (d)(2). Section 362(d)(1) allows for the granting of relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" *Veal v. Am. Home Mortg. Serving, Inc., (In re Veal)*, 450 B.R. 897 (9th Cir. BAP 2011). This Court explained the standard for modifying the stay for "cause" under § 362(d)(1) in *In re Westco Energy, Inc.*, 18 Mont. B.R. 199, 211-12 (Bankr. D. Mont. 2000):

> Section 362(d), however, provides that, "[on request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay" in three instances. The subsection relevant to these proceedings is § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause". What constitutes cause for purposes of § 362(d) "has no clear definition and is determined on a case-by-case basis." *Tucson Estates*, 912 F.2d at 1166. *See also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In the Matter of Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (Relief from the automatic stay may "be granted 'for cause,' a term not defined in the statute so as to afford flexibility to the bankruptcy courts.").

*See also Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, (9th Cir.

BAP 2009); *Edwards v. Wells Fargo Bank, N.A. (In re Edwards)*, 454 B.R. 100, 106 (9th Cir. BAP 2011).

Section 362 vests this Court with broad discretion in granting relief from the stay for cause under § 362(d). *In re Edwards*, 454 B.R. at 107; *Groshong v. Sapp (In re Mila, Inc.)*, 423 B.R. 537, 542 (9th Cir. 2010; *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995). As the party seeking relief, Honda must first establish that cause exists for relief under § 362(d)(1). *United States of America v. Gould (In re Gould)*, 401 B.R. 415, 426 (9th Cir. BAP 2009), citing *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 206 B.R. 196, 200 (9th Cir. BAP 1996). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is not warranted. *Id.*

Based on the lease, Ex. A, and the uncontroverted fact that the lease expired prior to the date the Debtor filed his Chapter 13 petition, the Court concludes that Honda has satisfied its initial burden to establish that cause exists for relief under § 362(d)(1). *Gould*, 401 B.R. at 426, citing *Duvar*, 206 B.R. at 200. The burden shifts to the Debtor to show that relief from the stay is not warranted. *Id.*

Although the evidence reflects the parties' confusion regarding the ownership and possession of the Honda Fit, and the secured status of Honda's claim, a creditor's claim or security is not finally determined in a stay relief proceeding. A party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate. *In re Veal*, 450 B.R. 897, 914-15 (9th Cir. BAP 2011); *Gould*, 401 B.R. at 425 n. 14; *Johnson v. Righetti (In*

5

re Johnson)*, 756 F.2d 738, 740-41 (9th Cir. 1985). Actions to determine the validity or extent of a lien or interest, such as ownership interests in the Honda Fit, require an adversary proceeding under F.R.B.P. 7001(2). *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir. 1994), adopting *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223 (7th Cir. 1990). "To allow a relief from stay hearing to become any more extensive than a quick determination of whether a creditor has a colorable claim would turn the hearing into a fullscale lawsuit . . . and would be inconsistent with this procedural scheme." *Grella*, 42 F.3d at 33. This Court concludes that Honda has a colorable claim to the Honda Fit, so the burden shifts to the Debtor to show that the Motion to Modify Stay should not be granted.

Debtor seeks to pay the purchase option price to Honda through his Chapter 13 Plan, even though he admits that the lease terminated prior to the date of the filing of his Chapter 13 petition. A similar though not identical set of circumstances took place *In re Blackburn*, 88 B.R. 273 (Bankr. S.D. Cal. 1988), where the court explained:

> By way of their plan, debtors are attempting to obtain that which the lease agreement does not provide them—financing beyond the stated term of the lease. The lease agreement makes no provision whatever for debtor to finance the residual purchase price of the vehicle upon expiration of the lease term. Debtors' lease agreement expired by its own terms the day after debtors filed their Chapter 13 petition. According to the terms of the lease, at expiration of the lease, absent purchase of the vehicle, the debtors must return it to Security Pacific.

*Blackburn*, 88 B.R. at 276.

In the instant case Ward's position is weaker than the debtor in *Blackburn*. Here, the evidence is uncontroverted that the lease on Ex. 2 expired on April 16, 2012, before the date of the filing of Debtor's Chapter 13 petition. As in *Blackburn*, the lease agreement expired by its own terms, and since Ward cannot pay the purchase price he must return the Honda Fit.

6

The bankruptcy court in *In re Smith*, 2010 WL3586743, *3 (Bankr. D. Or. 2010), cited *Blackburn* in holding that a lessor of a car to a chapter 7 debtor was not required to accept the debtor's offer to assume the lease, because upon rejection of the lease the leased property ceased to be property of the estate. Section 365(p)(1) provides that if a lease of personal property is rejected or not timely assumed under § 365(d), "the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated."

The evidence in the instant case shows that the lease of the Honda Fit expired prior to the date the Debtor filed his Chapter 13 petition. He has not sought to assume the lease, except that in his Plan he proposes to pay the payoff amount over the term of the Plan. This Court construed a debtor's ability to assume an executory contract or unexpired lease *In re Woodtech*, 13 Mont. B.R. 59 (Bankr. D. Mont. 1993), where this Court wrote:

> Of course, if a contract has already been terminated according to its terms, the trustee would have nothing to assume. [*In re Sigel & Co.*, 923 F.2d 142, 145 (9th Cir. 1991)] (citing *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1212-13 (7th Cir.), *cert. denied* 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984)). "If a contract provides for termination upon default and the time to cure expires before the bankruptcy, neither can the default be cured nor the terminated contract resurrected or assumed in the bankruptcy nor can the contract be resurrected by bankruptcy. *In re RB Furniture, Inc.*, 141 B.R. 706, 712 (Bankr. C.D. Cal. 1992).

*Woodtech*, 13 Mont. B.R. at 64-65.

Based on *Woodtech* and *Sigel*, the Court finds that the Debtor has failed to satisfy his burden to show that relief from the stay should not be granted. The Honda Fit lease expired prior to the date of filing of the Debtor's Chapter 13 petition. He cannot assume the lease under *Sigel*, and this Court finds insufficient cause to deny Honda relief from the stay.

Granting relief from the automatic stay returns the parties to the legal position which they

enjoyed prior to the imposition of the stay. *In re Johnson*, 17 Mont. B.R. 318, 319 (Bankr. D. Mont. 1999); *Estate of B.J. McAdams v. Ralston Purina Co.*, 154 B.R. 809, 812 (N.D. Ga. 1993). Thus, while the Court has flexibility in determining whether to grant Honda's Motion to Modify Stay, by granting the motion the Debtor retains whatever claims, defenses and remedies he may have in a nonbankruptcy forum.

## CONCLUSIONS OF LAW

1. This Court has original and exclusive jurisdiction of this chapter 11 bankruptcy case under 28 U.S.C. § 1334(a).

2. Honda's Motion to Modify Stay is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Honda satisfied its initial burden to show that relief from the stay should be granted; the Debtor failed his burden to show that relief should not be granted.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling Debtor's objection and granting Honda's Motion to Modify Stay.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana